IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Anthony Donald Obregon,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, Attorney General of the State of Arizona,<br><br>    Respondents. | No. CV 14-00598 PHX PGR (MEA)<br><br>**REPORT AND RECOMMENDATION** |

  Petitioner, proceeding pro se, who is incarcerated in Tucson, Arizona, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about March 20, 2014. Respondents docketed an answer (Doc. 12) to the petition on December 4, 2014. Petitioner docketed a reply (Doc. 13) to the answer to his petition on December 10, 2014.

  **Procedural background**

  In 1986 Petitioner was charged by indictment with armed robbery, attempted murder in the first degree, aggravated assault, and unlawful flight. See Doc. 12 (Answer), Exh. B. Petitioner was convicted, pursuant to a written plea agreement, on one count of armed robbery and one count of attempted first-degree murder. On October 8, 1986, Petitioner was sentenced to consecutive terms of twenty-one years imprisonment pursuant to these convictions. Petitioner was given credit for 256 days of pre-sentence

incarceration. Id., Exh. A & Exh. E.[1]. At the time Petitioner was sentenced the trial court noted he would be required to serve two-thirds of each sentence of incarceration. Id., Exh. E. Petitioner's convictions and sentences were upheld on appeal. See id., Exh. B.

On September 13, 2000, Petitioner was granted parole on the first sentence and began serving his second sentence. After serving two-thirds of the second sentence Petitioner became eligible for parole on that sentence. A parole hearing was conducted on July 10, 2013. See id., Exh. F. The Arizona Board of Executive Clemency, which is charged with determining both eligibility for parole and clemency, denied Petitioner's application for parole and for "absolute discharge" of his sentence, citing the seriousness of the offense, Petitioner's prior criminal record, and the trauma to the victim. Id., Exh. F. The Board set Petitioner's next parole hearing for July 10, 2014. Id., Exh. F.

On April 10, 2014, the Arizona Board of Executive Clemency considered Petitioner's application for a commutation of his sentence and denied commutation because Petitioner was "not eligible". Id., Exh. G.

On October 30, 2014, Petitioner appeared before the Arizona Board of Executive Clemency for a parole hearing. Id., Exh. I. The Board denied Petitioner's application for parole and for absolute discharge because of the serious nature of the offense, the trauma to the victim, because Petitioner had no family or community support system, and because Petitioner had a poor release plan. Id., Exh. I.

Because he has received earned release credits, currently and tentatively Petitioner's provisional release date is May 16, 2015, and his provisional sentence expiration date is November 16, 2015. Id., Exh. A.

**Analysis**

Petitioner states he is challenging two criminal convictions entered in 1986. However, the only claim Petitioner asserts is that he is "past his release date" and the only relief he seeks is his immediate release from Arizona Department of Corrections'

---

[1] Petitioner was accused, inter alia, of stealing a vehicle and shooting a police officer three times in the commission of a robbery, and then engaging in a "chase" with law enforcement. At sentencing the trial court noted Petitioner's extensive past criminal history.

custody. In the habeas petition Petitioner alleges that his sentence has been commuted and that he was to be released from incarceration on January 1, 2014.

Respondents argue the matter should be considered pursuant to 28 U.S.C. § 2241, rather than section 2254, because Petitioner challenges the execution of his sentence rather than the constitutionality of his conviction and the sentence imposed.

Respondents also assert:
Petitioner has exhausted his claim as it relates to his time computation argument, but he has not exhausted state remedies regarding any challenge to the Board's decision. Therefore, if Petitioner's petition is interpreted as challenging the Board's decision to deny him parole it should be dismissed because the Petitioner did not exhaust his state remedies. Despite Petitioner's failure to exhaust state remedies, Respondents will address both the time computation issue and the Board's denial of parole
\*\*\*
Petitioner contends that his sentence has expired. (DOC. 1. at 6 & 11.) Petitioner asserts that he has served his 28 year sentence and should have been released on January 1, 2014. Id. However, Petitioner mistakenly asserts that January 1, 2014 was his release or sentence expiration date when in actuality it was the date that he became eligible for release on parole. Petitioner correctly asserts that he has served two-thirds of his sentence, but incorrectly asserts that his sentence has expired.
\*\*\*
*Petitioner has served almost 29 years of his 42 year sentence. His sentence has not expired. He has served two-thirds of his sentence so he is eligible for parole release. However, eligibility for release on parole is different than completing one's sentence. Because of the date of Petitioner's offense, he is eligible for earned release credits and his provisional release date based on those credits is May 16, 2015*. (Ex. A at ¶ 8.)
\*\*\*
Petitioner does not specifically challenge the Board's decision to deny his request rather he asserts that his "commutation date" was January 1, 2014 and that he should have been released. (Doc. 1 at 6.) While Petitioner uses the term "commutation" and "commuted sentence", these terms are not accurate because Petitioner's sentence was not commuted. Id. Again, Petitioner confuses his eligibility date for parole with sentence expiration and/or a commuted sentence. Petitioner did not have a parole hearing in January 2014. That date is only significant in that it triggers Petitioner's eligibility for a parole release.
\*\*\*

> There is no constitutional or inherent right to parole. <u>Greenholtz v. Inmates of the Nebr. Penal and Corr. Complex</u>, 442 U.S. 1, 99 S. Ct. 2100 (1979). In Arizona, the Legislature has given the Board of Executive Clemency the sole authority and discretion to make decisions involving parole. <u>See</u> A.R.S. §§ 31-412 and 31-417.

Doc. 12 at 7-10 (emphasis added).

In reply to the answer to his petition for habeas relief, Petitioner asserts that "Respondents [are] not allowing petitioner to be released from custody after successfully completing his mandatory minimum sentence..." Doc. 13. Petitioner notes that he is now seventy years of age and that he is remorseful. Petitioner alleges that his "mandatory minimum sentence" "expired" on January 14, 2014. Petitioner also contends the Board of Executive Clemency erred in applying the regulations regarding parole and commutation of sentence in Petitioner's case, contending that he is entitled to a parole hearing every six months rather than annually.

The Ninth Circuit Court of Appeals has held that section 2254, rather than section 2241, governs a state prisoner's claim that he is being held beyond the expiration of his sentence. <u>See</u> <u>White v. Lambert</u>, 370 F.3d 1002, 1005 (9th Cir. 2004), <u>overruled on other grounds by</u> <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010).

In his habeas petition Petitioner asserts that he is being held after he has completely served the sentence imposed for his crime. In his reply to the answer to his petition Petitioner further argues that the Board erred in denying parole because the Board applied the incorrect statute to Petitioner's case.

The gravamen of Petitioner's claim for relief appears to be predicated on a factual error by Petitioner with regard to the calculation of the time served with regard to his second sentence. Petitioner is not being held after he has completely served the sentence imposed for his crimes. Petitioner errs as a matter of fact by stating he completed serving his second sentence on January 14, 2014, as of the date he became eligible for parole upon completing two-thirds of this sentence. Petitioner's sentence has not "expired"— although he may be released as early as November of 2015 because of earned release credits, Petitioner's second 21-year sentence of incarceration, which he began serving in

2000, will not be completely served until the year 2021. Petitioner was required to serve two-thirds of his 21-year sentence (14 years) before becoming eligible for parole. Petitioner did become eligible for parole and has had two parole hearings, at which time parole was denied.

As asserted by Respondents, Petitioner has not exhausted his administrative remedies with regard to his claim that the Board erred in denying release. However, habeas relief may be denied on the merits of this claim regardless of the failure to exhaust this claim in the state courts.

Petitioner's claim that he was improperly denied parole or clemency and that the Board applied the wrong statute or standard to his case does not state a claim that Petitioner's right to substantive due process has been violated. The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. See Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 863 (2011).[2]

> Thus, when "a State creates a liberty interest" in parole, the second step of the due process inquiry requires federal courts to evaluate whether the state provided "fair procedures" for the vindication of that interest. Id. Under this step, we look to federal law to determine whether a state prisoner has been afforded the procedural protections required by the Constitution. Id. In the parole context, "the procedures required are minimal." Id. Due process is satisfied as long as the state provides an inmate seeking parole with "an opportunity to be heard and ... a statement of the reasons why parole was denied." Id., citing Greenholtz, 442 U.S. at 12, 99 S.Ct. 2100. Stated otherwise, there is no substantive due process right created by California's parole scheme. If the state affords the procedural protections required by Greenholtz and Cooke, that is the end of the matter for purposes of the Due Process Clause. See Hayward, 603 F.3d at 560 ("The Constitution does not require more than an opportunity to be heard and a statement telling the prisoner why he was not paroled" (internal quotation marks omitted)).

---

[2] The Ninth Circuit's questionable finding that there was no evidence in the record supporting the parole denials is irrelevant unless there is a federal right at stake, as § 2254(a) requires. See id., at 67, 112 S.Ct. 475. The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.

> Based on Cooke, it is clear that California did not violate Roberts's due process rights when it denied his request for parole. At his parole hearing, the Board permitted Roberts to speak on his own behalf and to contest the evidence against him. [] The Board further provided Roberts an explanation of its decision. [] This was sufficient to satisfy the Due Process Clause. See Cooke, 131 S.Ct. at 862.
>
> It makes no difference that Roberts may have been subjected to a misapplication of California's "some evidence" standard. A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus. See 28 U.S.C. § 2254(a) (stating that a federal court may grant the writ only if a state prisoner's custody violates the Constitution or other laws of the United States); Cooke, 131 S.Ct. at 861 ("[F]ederal habeas corpus relief does not lie for errors of state law." (quotation omitted)).

Roberts v. Hartley, 640 F.3d 1042, 1045-46 (9th Cir. 2011).  See also Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011).

Petitioner does not assert that he was not afforded a hearing, an opportunity to present evidence, or an explanation for the Boards' decisions.  Petitioner asserts that the Board applied an incorrect standard when finding him ineligible for release on parole, a claim not cognizable in a federal habeas action.  Because Petitioner's first claim for relief is predicated on factual error and his second claim for relief does not aver the violation of a federal constitutional right,

**IT IS THEREFORE RECOMMENDED that** Mr. Obregon's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.


This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2,

Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 9th day of February, 2015.

_____
Mark E. Aspey
United States Magistrate Judge