# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Donald Obregon, | No. CV-14-00598-PHX-PGR |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

The Court has before it the Report and Recommendation (Doc. 14) of Magistrate Judge Mark E. Aspey, filed on February 11, 2015. Petitioner, Anthony Donald Obregon, has filed objections to the Report and Recommendation. The Court has conducted a *de novo* review of Obregon's petition and objections. For the reasons discussed below, the Court rejects Obregon's objections and accepts and adopts the Magistrate Judge's Report and Recommendation.

Obregon objects that he did not bring this action pursuant to 28 U.S.C. § 2241, but rather that he brings this action pursuant to 28 U.S.C. § 2254. However, the Report and Recommendation explicitly states that Obregon's petition is properly brought under § 2254 rather than § 2241, and this Court agrees. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir, 2004) (§ 2254 is the exclusive avenue for challenging constitutionality of continued detention by prisoner in state custody pursuant to a state court judgment), *overruled on other grounds, Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en

banc); *Montue v. Department of Corrections,* 279 Fed. App'x 506 (9th Cir. 2008) (challenge to denial of parole brought in a § 2241 petition properly dismissed because such challenges can only properly be brought in a § 2254 petition); *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) (§ 2254 is exclusive vehicle for state prisoner challenging parole board decision), *overruled on other grounds, Hayward*, 603 F.3d at 555. Obregon may have been confused that the Report and Recommendation even mentions § 2241, but his issue was raised by the state, which argued in its answer that the petition should be viewed under § 2241 rather than § 2254. (*See* Doc. 12 at 5-6.) The Report and Recommendation rejects the state's position and instead recommends that this Court find that the petition is properly brought under § 2254.

Obregon objects that he has a constitutional right to be released upon the service of his required court-ordered "mandatory minimum" sentence, and that his constitutional rights have been violated by the state's continued detention of him beyond January 14, 2014. Contrary to Obregon's arguments, he is not being held beyond the date his sentence expired and his sentence was not "commuted" to January 14, 2014. Rather, January 14, 2014, was merely the date that Obregon first became eligible for parole because he had served the mandatory minimum of two-thirds of his total forty-two year sentence. Thus, the Court will reject Obregon's objection that he is being held after his sentence expired.

Further, that Obregon became eligible for parole on January 14, 2014, does not mean that he had the right to be released on that date. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979) (no constitutional right to be released before expiration of a valid sentence). To the contrary, where a state, such as Arizona, provides for release on parole, Due Process requires only that the state have fair procedures in place for seeking such release, and this Court's review of the denial of parole is limited to the application of the state's procedures. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Obregon does not challenge the state's procedures for seeking parole, or how those procedures

1 were applied to him. Accordingly, the Court will reject Obregon's objection that he had
2 the right to be released on January 14, 2014, and his challenges to the denial of parole.

3       IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc.
4 14) is accepted and adopted by the Court.

5       IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254
6 for a Writ of Habeas Corpus by a Person in State Custody is Denied and that this action is
7 dismissed. The Clerk of the Court shall enter judgment accordingly.

8       IT IS FURTHER ORDERED that no certificate of appealability shall be issued
9 and that the petitioner is not entitled to appeal *in forma pauperis* because the petitioner
10 has not made a substantial showing of the denial of a constitutional right in that he has
11 failed to demonstrate that reasonable jurists would find the Court's assessment of his
12 constitutional claims to be debatable or wrong.

      Dated this 10th day of March, 2015.

_____
Paul G. Rosenblatt
United States District Judge